# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL C.,<br><br>                  Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                  Defendant. | Case No. 20-cv-256-MMA (RBM)<br><br>**ORDER OVERRULING COMMISSIONER'S OBJECTION; ADOPTING REPORT AND RECOMMENDATION; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING ACTION TO SOCIAL SECURITY ADMINISTRATION**<br><br>[Doc. Nos. 11, 14, 15] |

On February 11, 2020, Russell C. ("Plaintiff") filed this social security appeal challenging the denial of his application for disability benefits. *See* Doc. No. 1.[1] The Court referred all matters arising in this social security appeal to the assigned Magistrate Judge for report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1. *See* Doc. No. 7. Plaintiff filed a motion for summary judgment.

---

[1] Citations generally refer to the pagination assigned by the CM/ECF system. However, "AR" refers to citations to the Certified Administrative Record filed on April 14, 2020. *See* Doc. No. 9 ("AR").

1

*See* Doc. Nos. 11.  The Magistrate Judge has issued a R&R recommending that the Court (1) grant in part and deny in part Plaintiff's motion and (2) remand the Administrative Law Judge's ("ALJ") decision.  *See* Doc. No. 14 at 17.  Andrew Saul, Commissioner of Social Security, ("Commissioner") objects to a portion of the R&R, and Plaintiff replied.  *See* Doc. Nos. 15, 16.  Upon due consideration and for the reasons set forth below, the Court **OVERRULES** the Commissioner's objection, **ADOPTS** the Magistrate Judge's R&R, **GRANTS in part and DENIES in part** Plaintiff's motion for summary judgment, and **REMANDS** this matter to the Social Security Administration.

## I. Background

Seeking judicial review to challenge the denial of his application for disability insurance benefits, Plaintiff filed the present action pursuant to 42 U.S.C. § 405(g).  *See* Doc. No. 1 ¶ 1.  Plaintiff moved for summary judgment, arguing that (1) the "ALJ was estopped from redetermining [Plaintiff's] residual functional capacity [("RFC")] in the Title II claim," (2) the ALJ's decision was not supported by substantial evidence, and (3) the ALJ erred by supplanting a physician's assessment with his own.  Doc. No. 11-1 at 13, 17.

The Magistrate Judge issued an R&R on Plaintiff's motion for summary judgment, in which she recommends granting in part and denying in part Plaintiff's motion.  *See* Doc. No. 11-1 at 17.  In particular, the Magistrate Judge recommends remanding the ALJ's decision regarding Plaintiff's RFC.  *See id.*  The Magistrate Judge determined that "the ALJ's RFC assessment did not rely upon any physician's opinion to provide an opinion regarding limitations, mental or physical."  *Id.* at 15 (citing AR 22–29).  The Magistrate Judge found that the ALJ's decision was not supported by substantial evidence and the record should be more "developed with respect to Plaintiff's RFC."  *Id.* at 17.

The Commissioner now objects to the Magistrate Judge's R&R.  *See* Doc. No. 15.

## II. Legal Standard

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006).

### III. DISCUSSION

The Commissioner objects to the Magistrate Judge's R&R on one issue: "the finding of error as to the ALJ's RFC finding." Doc. No. 15 at 1. The Commissioner states that "because the RFC finding is a legal finding, not a medical one, the ALJ alone is responsible" for determining Plaintiff's RFC. *Id.* In response to the Magistrate Judge's finding that "the ALJ's RFC assessment did not rely upon any physician's opinion to provide an opinion regarding [Plaintiff's] limitations, mental or physical," Doc. No. 14 at 15 (citing AR at 22–29), the Commissioner asserts that "there is no regulatory or legal requirement that the RFC finding track a specific medical opinion." Doc. No. 15 at 3. The Commissioner further states that to the extent there were conflicting statements or ambiguity in the record, the ALJ properly exercised his role as fact-finder by resolving these issues. *See id.* at 5. Furthermore, the Commissioner contends that the "substantial evidence" requirement is not a high threshold and the ALJ's analysis of the medical evidence in the record satisfies this requirement. *Id.*

Plaintiff responds that the ALJ's decision is not supported by substantial evidence. *See* Doc. No. 16 at 2 (citing Doc. No. 11). Plaintiff argues that because the ALJ does not rely on a medical opinion or examination to determine Plaintiff's functional limitations, the RFC assessment is "nothing more than the ALJ's own 'exploration and assessment' of [Plaintiff's] impairments." *See* Doc. No. 11 at 18 (quoting *McAnally v. Berryhill*, No. 3:18-cv-02272-GPC-RNB, 2020 WL 1443734, at *7 (S.D. Cal. Mar. 25, 2020)). Plaintiff

claims that the ALJ "formulated his own independent determination that [Plaintiff] is capable of medium work." Doc. No. 11 at 18 (citing AR 22). Plaintiff further contends that the ALJ violated his "special duty to develop the record and retain a medical expert or retain an examining physician," and the absence of any medical opinion regarding Plaintiff's functional limitations yields a RFC that is not supported by substantial evidence. *See* Doc. No. 16 at 3 (citing *Hayes v. Colvin*, No. 3:16-cv-00140-JLS-MDD, 2016 WL 11281409, at *2, *6, *8 (S.D. Cal. Dec. 19, 2016), *report and recommendation adopted*, 2017 WL 781580 (S.D. Cal. Mar. 1, 2017)).

      A RFC assessment is the most a plaintiff can do despite existing physical, mental, and other limitations. 20 C.F.R. § 404.1545(a)(1). *See generally* SSR 96-8p, S.S.R. Cum. Ed. (July 2, 1996). An ALJ considers all relevant medical and other evidence when conducting a RFC assessment. 20 C.F.R. § 404.1545(a)(3). If an ALJ chooses to give minimal weight to a medical opinion, the ALJ must provide specific, legitimate reasons for his decision. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1996) (citing *Murray v. Heckler* 722 F.2d 499, 502 (9th Cir. 1983)).

      To the extent that there are conflicting statements or ambiguities in the administrative record, it is the ALJ's duty to fully develop the record to resolve the conflicting statements and ambiguities. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996)) (citing *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998)) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'"). If evidence from the medical source is insufficient to determine if the claimant is disabled, an ALJ may recontact the medical source to determine if additional needed information is readily available. *See* 20 C.F.R. § 404.1520b(b)(2)(i); *see also* 20 C.F.R. § 404.1512(b)(1) (stating the Commissioner is responsible for developing Plaintiff's complete medical history). The record will be considered "inadequate" or "ambiguous" when a medical source has provided a medical opinion that is not supported

by the evidence.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (first citing 20 C.F.R. §§ 404.1512(e), 416.912(3) (amended 2012); and then citing *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002)) ("An ALJ is required to recontact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination.").  It is for the ALJ to determine credibility, resolve conflicts in testimony, and resolve ambiguities in the record, but his findings must be supported by specific and cogent reasons.  *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (first citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); and then citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)).

      Courts may set aside the denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993) (citing *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988)).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Andrews*, 53 F.3d at 1039 (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)).

      Here, the ALJ gave "no weight" to the medical opinion statements of the state agency consultants because their analysis was for the Title XVI application and was insufficient evidence to evaluate Plaintiff's present Title II disability claim.  AR at 16.  Further, the ALJ gave "minimal weight" to opinion statements in Plaintiff's Veterans Affairs ("VA") records.  *See id.* at 27.  The ALJ reasoned that these VA opinion statements were "largely unsupported and overall inconsistent with the longitudinal evidence," such as "[VA] records themselves."  *Id.*  In particular, the ALJ noted the following evidence from VA records: Plaintiff getting a key to the exercise room and planning on using the exercise room three or four time per week; Plaintiff completing "at least two stress/exercise tests with at least one lasting over 8 minutes"; Plaintiff being counseled on the importance of regular exercise and on the lack of a cardiac reason to

have a handicap placard; and Plaintiff swimming and playing basketball. *Id.* Additionally, the ALJ noted that Plaintiff "denied exercise intolerance"; was advised to exercise at least three times for thirty minutes per week; had "5 out of 5 strength in the bilateral lower and upper extremities"; and swept, picked up trash, and cleaned at his current job. *Id.* Delving into other VA records, the ALJ pointed to a slew of information: attendance at psychotherapy and therapy skills sessions where he was alert, oriented, and engaged; involvement in career classes and a "Transactional Work event"; notation of only mild agitation and aggression at an appointment; and a description of a situation where Plaintiff controlled his anger. *Id.* at 27–28.

Overall, the ALJ found that the "objective medical evidence and other evidence of the record shows the claimant's symptoms do not reduce the claimant's capacity to perform work-related activities to the extent that the claimant alleges." *Id.* at 23. The ALJ found that Plaintiff's statements "are generally inconsistent with the objective medical evidence of [the] record and other evidence." *Id.* at 23; *see also id.* 26, 27, 29.

The Commissioner objects to the R&R's assessment of the RFC. The Commissioner criticizes the Magistrate Judge for faulting the ALJ for not relying on a specific medical finding in developing the RFC. *See* Doc. No. 15. However, the Magistrate Judge highlighted this issue in pointing to a larger problem: the ALJ's RFC findings reveal unresolved inconsistencies in the record. *See* Doc. No. 14 at 15–16. The Court proceeds by reviewing whether substantial evidence supports the ALJ's RFC finding. The ALJ found that Plaintiff had the RFC to do the following:

> lift, carry, push and pull up to 50 pounds occasionally and 25 pounds frequently in medium work as defined in 20 CFR 404.1567(c) except he can stand and/or walk 6 hours in an 8-hour day. He can sit 6 hours in an 8-hour day. He may frequently climb ramps and stairs, stoop, kneel, crouch and crawl. He may occasionally climb ladders, ropes and scaffolds. He must avoid more than occasional exposure to extreme cold and heat. He can learn, remember and perform simple, routine and repetitive work tasks, which are performed in a routine, predictable, and low stress work

> environment (defined as one in which there are no rapid production pace work tasks or high quota requirements, few work place changes, and no close personal supervision). He may attend and concentrate for 2 hours at a time with normal breaks. He may have occasional contact with supervisors. He may have occasional and superficial contact with coworkers. He should have no contact with the public.

AR at 22. In making this RFC determination, the ALJ did not rely on a medical opinion that assessed how Plaintiff's impairments impact his ability to work. *See Rivera v. Berryhill*, No. ED CV 16-791-SP, 2017 WL 5054656, at *5 (C.D. Cal. Oct. 31, 2017) ("The absence of a medical opinion is not necessarily fatal, but the RFC determination still must be supported by substantial evidence.").

ALJ found Plaintiff could handle fifty pounds occasionally and twenty-five pounds frequently. *Id.* at 22. However, during a May 2018 VA visit, a nurse practitioner noted several limitations. AR at 555. The nurse noted that Plaintiff should "avoid repetitive pushing/pulling, bending/squatting/twisting; avoid any activities that involve heavy vibration; allow for alternation of sitting/standing; allow for stretching breaks; no prolonged walking; avoid stairs; no lifting > 10 pounds." *Id.* Although the ALJ did not give weight to the state agency consultant opinion statements, the May 2018 VA visit appears to be consistent with the July 2016 state opinion statement. *Compare id.*, *with id.* at 84–85. For example, a physician assessing Plaintiff's physical RFC for a Title XVI application found that Plaintiff could occasionally lift or carry twenty pounds; frequently lift or carry ten pounds; stand and sit for six hours; occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. *See id.* at 84–85. The bulk of the Commissioner's proffered evidence in the objection and shown in the ALJ's decision is unclearly related to Plaintiff's ability to handle a certain number of pounds. *See* Doc. No. 15 at 3; AR 24.

In part, the ALJ's RFC finding regarding weight-handling relies on a VA staff physician noting that Plaintiff had "5/5" strength in his extremities as well as other "longitudinal evidence." AR at 367, 673. However, the ALJ does not explain how the

extremity strength test correlates with Plaintiff's exertional capacity to handle "medium work" of twenty-five to fifty pounds or how it correlates with endurance. For example, the evidence leaves open the question of how the 5/5 strength test and other longitudinal evidence precludes a finding of "heavy" or "very heavy" work in excess of fifty pounds. *See* 20 C.F.R. § 404.1567. The ALJ improperly interpreted the raw medical data of the strength test and then extrapolated its meaning based on peripheral physical activity. *See Rivera*, 2017 WL 5054656, at *4 (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999)). Thus, the ALJ's reliance on the strength test to show Plaintiff's work level appears arbitrary at worst and inconsistent or ambiguous when paired with the medical opinions at best. As the Magistrate Judge correctly noted, "the strength test created an ambiguity in the record that required further inquiry." Doc. No. 14 at 16 (citing *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)).

Indeed, the ALJ remarked on this inconsistency. *See* AR at 27. The ALJ noted that the VA opinions of "poor functional capacity," a ten-pound lifting limit, and decreased exertional capacity were inconsistent with the "longitudinal evidence": the stress tests,[2] "plans on going [to the VA exercise room] 3-4 times a week" despite not being cleared by cardiology, the explanation on the importance of exercise and the unnecessary handicap placard, and Plaintiff's swimming and basketball playing during free time. *See id.* at 27. Although the ALJ states the evidence reveals an "inconsistency" with the VA opinions, *see id.*, the ALJ does not resolve the inconsistency. The "longitudinal evidence" of vague, undescribed exercise patterns fails to amount to substantial evidence to show how the ALJ reached the weight-related RFC determination. The lack of a relied-upon medical opinion coupled with the ALJ's analysis reveals the ALJ's weight-related RFC finding "is evidently nothing more than the ALJ's 'own

---

[2] As the ALJ found, the exercise stress test, which stopped at eight minutes and thirty-three seconds, adds a layer to the inconsistency. *See* AR at 27. The test includes a comment that Plaintiff's functional capacity was "poor." *See id.* 527.

exploration and assessment' of Plaintiff's impairments." *McAnally*, 2020 WL 1443734, at *7; *see also Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) (first quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998); and then quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (citing *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)) ("An 'ALJ cannot arbitrarily substitute his own judgment for competent medical opinion' . . . [,] and he 'must not succumb to the temptation to play doctor and make [his] own independent medical findings.'").

Thus, the ALJ's determination regarding Plaintiff's capacity to handle medium work weight is unsupported by substantial evidence. Similarly, the ALJ's RFC determinations regarding Plaintiff's ability to "frequently climb ramps and stairs, stoop, kneel, crouch and crawl . . . [and] occasionally climb ladders, ropes and scaffolds" is unsupported by substantial evidence. AR at 22. A VA nurse practitioner noted that Plaintiff should avoid these activities in repetition. *Id.* at 555; *see also id.* AR 84–85 (revealing similar limitations in the state agency evaluation assessing Plaintiff's physical RFC for the Title XVI application). As with the medium work finding, the ALJ's RFC finding on these activities is not supported by substantial evidence and there is ambiguity in the record that required further development.

The Court now turns to the ALJ's RFC determination regarding Plaintiff's ability to "learn, remember and perform simple, routine and repetitive work tasks." *Id.* at 22. A February 2018 VA psychiatry appointment revealed he was agitated and aggressive. *See* AR at 595. The psychiatrist provided the following opinions: Plaintiff's military trauma resulted in "severe PTSD" that has a "very severe" effect on his overall functioning, which "rendered him unable to work" and "permanently and completely disabled."[3] *Id.* at 596; *see also id.* at 644, 621, 595–56 (noting that Plaintiff appeared "mildly agitated and aggressive" and "[c]onstricted, anxious, and agitated" despite being

---

[3] As the Commissioner correctly notes, this ultimate conclusion addresses a dispositive issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1).

well-dressed, well-groomed, and having a "[c]alm and cooperative attitude," while additionally noting the "very severe" effect of Plaintiff's mental impairments in December 2017, January 2018, and February 2018 psychiatrist appointment notes). Notably, the ALJ found several severe mental impairments at step two of the analysis—generalized anxiety disorder, PTSD, depression/depressive disorder—and then found Plaintiff capable of completing "simple, routine and repetitive work tasks." *Compare id.* at 19, 22 (noting the severe impairments), *with* 20 C.F.R. § 404.1520(c) (stating that a severe impairment is one that "significantly limits your physical or mental ability to do basic work activities"), SSR 85-28, S.S.R. Cum. Ed. ("Examples of [basic work activities] are walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting."), *and* SSR 96-8p (providing similar activities for "nonexertional capacity" and work-related mental activities as applied to RFC).

However, the ALJ came to a different conclusion than the VA psychiatrist. *See* AR at 22, 24–26. The ALJ relied upon evidence showing progress in appearance and behavior; engagement in group psychotherapy sessions, therapy skills sessions, and work therapy programs; and self-employment through selling things online and employment with a parking company. *Id.* at 24–26. Despite Plaintiff demonstrating improvement in his group sessions, *see id.* at 629, 623, 604, 597, 591, 586, 585, 584, 562, 558, 552–53, 547, 545–46 (spanning various group sessions from January 2018 to May 2018), the record indicates he still experienced some effects of his mental disorders, *see id.* at 591 (becoming "quickly angry and frazzled" in engaging with a group activity in February 2018), 585 (attributing his isolation to his PTSD in March 2018), 545–46 (sharing that he continues to struggle with managing his anger despite some improvement in May 2018). The ALJ appears to have brushed aside several individual psychiatric assessment notes in favor of conflicting subjective observations taken from various sources.

The ALJ did not look into the significance of Plaintiff's severe mental impairments through a consultative examination that could have considered his progress, the basis for the remarks by the psychiatrist during the February 2018 VA visit, and the various changes in Plaintiff's treatment—such as the extent his prescription regime affects his ability to work. Reports of improvement regarding mental health issues "must be interpreted with an understanding of the patient's overall well-being and the nature of [his] symptoms" and "must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). An inference of improved functioning is especially cautioned where "no doctor or other medical expert has opined, on the basis of a full review of all relevant records, that a mental health patient is capable of working or is prepared to return to work." *Id.* at 2017–18.

The Court finds that the record reveals an ambiguity that the ALJ did not resolve. Given the circumstances, the conflicting nature of the VA opinion statements and other evidence in the record triggered the ALJ's duty to fully and fairly develop the record. *See McLeod*, 640 F.3d at 885 (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)); *see also Davis v. Comm'r of Soc. Sec.*, No. 2:18-cv-2415-WBS-KJN, 2020 WL 1451551, at *4–5 (E.D. Cal. Mar. 25, 2020), *report and recommendation adopted*, 2020 WL 1865686 (E.D. Cal. Apr. 14, 2020) (finding that the ALJ had a duty to develop the record further based on a few compelling facts that favor remand). Where "the record contains conflicting medical evidence, the ALJ is charged with determining credibility and resolving the conflict." *Banks* 434 F. Supp. 2d at 805 (quoting *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003)) (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)); *see also Molina v. Berryhill*, No. 2:17-cv-01991 CKD, 2018 WL 6421287, at *3 (E.D. Cal. Dec. 6, 2018) (quoting *Tonapetyan*, 242 F.3d at 1150) ("Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'"). In light of the ambiguity in the evidence, the Court finds there is a lack of

substantial evidence to support the ALJ's RFC finding on Plaintiff's capacity to learn, remember, and perform simple, routine, and repetitive work tasks.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Commissioner's objection, **ADOPTS** the Magistrate Judge's R&R, and **GRANTS in part and DENIES in part** Plaintiff's motion for summary judgment. The Court **REMANDS** this matter to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Court's Order and the Magistrate Judge's R&R. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

Dated: March 24, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge