# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL C., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. 20-cv-256-MMA (RBM) <br><br> **ORDER RE: JOINT STIPULATION FOR ATTORNEYS' FEES** <br><br> [Doc. No. 19] |

On February 11, 2020, Russell C. ("Plaintiff") filed this social security appeal challenging the denial of his application for disability benefits. *See* Doc. No. 1. The Court referred all matters arising in this social security appeal to the assigned Magistrate Judge for report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1. *See* Doc. No. 7. On January 14, 2021, the Magistrate Judge issued a R&R recommending that the Court (1) grant in part and deny in part Plaintiff's motion and (2) remand the Administrative Law Judge's decision. *See* Doc. No. 14 at 17. On March 24, 2021, the Court overruled the Commissioner's objection, adopted the Magistrate Judge's R&R, granted in part and denied in part Plaintiff's motion for summary judgment, and remanded the matter to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings

consistent with the Court's order and the Magistrate Judge's R&R.  *See* Doc. No. 17 at 12.[1]  Also on March 24, 2021, the Clerk of Court issued the judgment.  *See* Doc. No. 18. On May 26, 2021, the parties filed the instant stipulation[2] that Plaintiff be awarded attorneys' fees in the amount of $6,000.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920.  *See* Doc. No. 19 at 1.

The EAJA allows a prevailing party to seek attorneys' fees from the United States within thirty days of final judgment.  *See* 28 U.S.C. § 2412(d).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal."  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993)); *see also* 28 U.S.C. § 2412(d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) ("In sentence four cases, the filing period begins after the final judgment . . . is entered by the court and the appeal period has run, so that the judgment is no longer appealable.").  If one of the parties is the United States, either party may file a notice of appeal within sixty days of the order appealed from.  *See* Fed. R. App. P. 4(a)(1)(B).  "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."  *Akopyan*, 296 F.3d at 854 (citing *Shalala*, 509 U.S. at 301–02).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Citations refer to the pagination assigned by the CM/ECF system.

[2] The Court construes the parties' stipulation as a joint motion pursuant to Civil Local Rule 7.2.

Here, the Court finds that Plaintiff is the prevailing party in this action for purposes of attorneys' fees, the parties' joint motion is timely, and the stipulated amount of fees is reasonable. Accordingly, the Court **GRANTS** the parties' joint motion for an attorneys' fees award of $6,000.00 pursuant to the EAJA.

**IT IS SO ORDERED**.

Dated: June 3, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge